# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON RILES and AMERICAN ROOF SCAPES, INC.,<br><br>Plaintiffs,<br><br>-vs-<br><br>OKLAHOMA ATTORNEY GENERAL'S OFFICE, OKLAHOMA OFFICE OF RISK MANAGEMENT, and OKLAHOMA CONSTRUCTION INDUSTRIES BOARD,<br><br>Defendants. | Case No. CIV-24-774-F |

## ORDER

The court is in receipt of the Complaint for Violation of Civil Rights filed by plaintiffs Brandon Riles and American Roof Scapes Inc. against defendants Oklahoma Attorney General's Office, Oklahoma Office of Risk Management, and Oklahoma Construction Industries Board. Doc. no. 1. Plaintiffs seek relief under 42 U.S.C. § 1983. Plaintiff Brandon Riles, appearing *pro se*, applied for and was granted leave by a magistrate judge to proceed *in forma pauperis*. Doc. nos. 2, 5, and 7.

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* complaint if the court determines the complaint is "frivolous or malicious; [or] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

I.

Initially, the court finds the claims of plaintiff American Roof Scapes Inc. cannot proceed as filed. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001); see also, Rule 17.1 of the Local Civil Rules ("Parties who are not natural persons may not appear pro se."). Plaintiff Brandon Riles has signed the complaint on behalf of himself and American Roof Scapes Inc. However, Mr. Riles, appearing *pro se*, cannot represent the business entity. As such, plaintiff America Roof Scapes Inc.'s complaint and action against defendants will be dismissed without prejudice as the corporate plaintiff is unable to proceed without an attorney.

II.

Next, the court finds that the § 1983 claims of plaintiff Brandon Riles cannot proceed against defendant Oklahoma Attorney General's Office. Plaintiff alleges in the complaint that defendant "falsely brought charges of Home Repair Fraud, under Oklahoma Statutes [Title 15 O.S. Sections 765.3 and 753(17)]" against him. Doc. no. 1, ECF p. 1. He alleges that his "actual innocence" was realized "on or about November of 2022." Id., ECF p. 2.[1] Plaintiff seeks to "remove and expunge all state records as well [as] NCIC reports or documents relative to the complaint of Home Repair Fraud, as well as reimbursing [him] for the compensatory damages and cost of bail bond[] fees, attorney fees, court cost[s] and fees as well as time spent in captivity." Id.

---

[1] The court records of the Oklahoma State Courts Network indicate that the home repair fraud charge in State of Oklahoma v. Brandon James Riles, Jr., Oklahoma County District Court Case No. CF-2020-463, was dismissed, upon request of the state, on November 30, 2022. The dismissal was prior to trial.

In addition, plaintiff alleges in the complaint that the Oklahoma Attorney General's Office became "overly aggressive in its citations and board hearings" despite the fact that plaintiffs "Brandon Riles and/or American Roof Scapes, maintained a general contractors license [] in the city of Oklahoma pursuant to the laws of Oklahoma." *Id*. at ECF p. 1.  According to plaintiff, defendant "never checked the City of Oklahoma [City] for a contractor license for American Roof Scapes and/or Brandon Riles[.]" *Id*. at ECF p. 2.

Although not specifically identified in the complaint, it appears that plaintiff asserts § 1983 malicious prosecution claims based on the Fourth Amendment to the United States Constitution.  *See*, Fisher v. Koopman, 693 Fed.Appx. 740, 745 (10th Cir. 2017) ("'We have repeatedly recognized in this circuit that, at least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures, rather than the Fourteenth Amendment's due process guarantees.") (quoting Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007)) (emphasis omitted).[2]  However, plaintiff's claim against defendant is subject to dismissal without prejudice under the Eleventh Amendment to United States Constitution.

The Eleventh Amendment states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Eleventh Amendment immunity applies to any action brought against a state in federal court, including suits initiated by a state's own citizens.  *See*, Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  It applies not only to a state but also to arms of the state.  *See*,

---

[2] Because plaintiff Brandon Riles is proceeding *pro se*, the court construes his complaint liberally, but does not act as his advocate.  *See*, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252-53 (10th Cir. 2007). Further, it applies regardless of the relief the plaintiff seeks. *Id*. at 1252.

The sole exceptions to Eleventh Amendment immunity are "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; and (2) when a state waives its immunity." Pettigrew v. Oklahoma ex rel. Oklahoma Dept. of Public Safety, 722 F.3d 1209, 1212 (10th Cir. 2013). However, Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of § 1983. *See*, Quern v. Jordan, 440 U.S. 332, 345 (1979). And the State of Oklahoma has not waived its Eleventh Amendment immunity. *See*, 51 O.S. § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.").

Although the burden to establish arm-of-the-state status for Eleventh Amendment immunity purposes would generally fall on the entity claiming such status, Tenth Circuit precedent does allow the court to raise the arm-of-the-state issue *sua sponte*. *See*, Hennessey v. Univ. of Kan. Hosp. Auth., 53 F.4th 516, 524 (10th Cir. 2022). The court does so with respect to the Oklahoma Attorney General's Office because the Tenth Circuit has specifically held that it is an arm of the State of Oklahoma. *See*, Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988), *abrogated on other grounds by* Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013).

Consequently, the court concludes that plaintiff Brandon Riles' § 1983 malicious prosecution claims based on the Fourth Amendment against defendant Oklahoma Attorney General's Office are subject to dismissal without prejudice based on Eleventh Amendment immunity.[3]

---

[3] Notwithstanding the existence of Eleventh Amendment immunity, the court notes that plaintiff's § 1983 claims would also be subject to dismissal because defendant Oklahoma Attorney General's

III.

Additionally, the court finds that plaintiff Brandon Riles' § 1983 malicious prosecution claims against defendant Oklahoma Construction Industries Board fail to state a claim on which relief may be granted.[4]

In deciding whether to dismiss a claim for failure to state a claim, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in plaintiff's favor. *See*, Hall, 935 F.2d at 1109. In reviewing a *pro se* complaint, the court applies the same legal applicable standards to pleadings drafted by counsel, but the complaint, as noted, must be liberally construed. *Id*. at 1110. To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of plaintiff, "if there is a conflict between the allegations in the complaint and the content of the attached exhibit [to the complaint], the exhibit controls." Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017).

---

Office, as an arm of the State of Oklahoma, is not a "person" within the meaning of § 1983. *See*, Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds*, (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989)).

[4] The court does not raise, *sua sponte*, Eleventh Amendment immunity with respect to defendant Oklahoma Construction Industries Board. The Tenth Circuit has not addressed whether the board qualifies as an arm of the State of Oklahoma, and no "judicially noticeable evidence clearly resolves [the] entity's arm-of-state status and entitlement to sovereign immunity." Hennessey, 53 F.4th at 531.

In the complaint, plaintiff alleges that defendant Oklahoma Construction Industries Board also "falsely brought charges of Home Repair Fraud, under the Oklahoma Statutes [Title 15 O.S. Sections 765.3 and 753(17)]" against him. Doc. no. 1, ECF p. 1. Plaintiff has attached as an exhibit to the complaint a copy of the Information charging the crime of home repair fraud in violation of 15 O.S. §§ 765.3 and 753(17), after commission of certain felony crimes, and a copy of the Affidavit of Probable Cause supporting the Information. Doc. no. 1-1. Neither the Information nor the Affidavit of Probable Cause indicate that any Oklahoma Construction Industries Board's employee or agent was involved in bringing the home repair fraud charge against plaintiff or in investigating the complaint which gave rise to the charge. The Affidavit of Probable Cause indicates that a complaint was filed by consumers who had contracted and made payment to plaintiff Brandon Riles for the repair and renovation of their residence. That complaint was investigated by an agent of the Oklahoma Attorney General's Office. Because the attached exhibit contradicts the allegations of the complaint regarding defendant, the court concludes that it controls.

However, even if the complaint contained allegations of personal involvement by an employee or agent of Oklahoma Construction Industries Board, the governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In other words, Oklahoma Construction Industries Board cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, the governmental entity may be only held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694. Plaintiff has failed to allege any facts to establish that his alleged injury was inflicted by the execution of any policy or custom of Oklahoma Construction Industries Board. The court

therefore concludes that plaintiff Brandon Riles has failed to set forth a plausible § 1983 claim against defendant under <u>Monell</u>.  Accordingly, the court finds that plaintiff Brandon Riles has failed to state a plausible § 1983 malicious prosecution claim against defendant Oklahoma Construction Industries Board arising from the home fraud repair charge.

Plaintiff, as noted, also alleges that defendant Oklahoma Construction Industries Board became "overly aggressive in its citations and board hearings" despite the fact plaintiff "Brandon Riles and/or American Roof Scapes, maintained a general contractors license[.]"  Doc. no. 1, ECF p. 1.  According to plaintiff, defendant "never checked the City of Oklahoma [City] for a contractor license for American Roof Scapes and/or Brandon Riles[.]"  <u>Id.</u> at ECF p. 2.  Plaintiff has attached as an exhibit to the complaint four administrative fine citations issued by the Oklahoma Construction Industries Board with hearing dates in October and November of 2022 to address the administrative fine citations.  Doc. no. 1-3.[5]

Upon review, the court finds that plaintiff has failed to state a plausible § 1983 malicious prosecution claim based on the citations and hearings.  "A mandatory element of a Fourth Amendment malicious-prosecution claim is that the defendant caused the plaintiff to be seized."  <u>Leon v. Summit County</u>, 755 Fed.Appx. 790, 796 (10th Cir. 2018).  A groundless charging decision "does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty."  <u>Id</u>.  The complaint does not allege an arrest or imprisonment of plaintiff Brandon Riles based

---

[5] The citations allege violations of Oklahoma Administrative Code § 158:10-3-1.  The fine imposed for each citation issued was $500.

7

on the citations and hearings.  The fact that defendant issued a notice for plaintiff to appear for a hearing regarding the citations is not sufficient.  *Id.*[6]

Moreover, the court finds that plaintiff Brandon Riles has failed to allege any facts to establish that his alleged injury was inflicted by the execution of any policy or custom of Oklahoma Construction Industries Board.  The court concludes that plaintiff Brandon Riles has failed to set forth a plausible § 1983 claim against defendant under Monell with respect to the claim relating to citations and board hearings.

In sum, the court concludes the § 1983 malicious prosecution claims against defendant Oklahoma Construction Industries Board should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IV.

The complaint also names as a defendant Oklahoma Office of Risk Management.  With respect to defendant, the complaint alleges that after plaintiff Brandon Riles' "actual innocence" was realized, plaintiff "initiated and filed a tort claim under the provisions of the Oklahoma State Law, with the Office of Risk [M]anagement" and it "was summarily denied in whole."  Doc. no. 1, ECF p. 2.  Plaintiff has attached as an exhibit a letter from the State of Oklahoma Risk, Assessment and Compliance Claims Manager.  The letter advised that plaintiff's claim was denied pursuant to 51 O.S. § 157(A) and 51 O.S. § 155(2) and (3).  Doc. no. 1-5.  It appears that plaintiff Brandon Riles is complaining of an interpretation and application of Oklahoma law by the Oklahoma Office of Risk Management.  However, any alleged error in interpretation and application of Oklahoma law does

---

[6] Although the Tenth Circuit has recognized a malicious prosecution claim might be based on Fourteenth Amendment procedural due process, *see*, Becker, 494 F.3d at 920-21, the complaint does not identify any liberty or property interest protected by the Fourteenth Amendment of which Plaintiff was deprived.

8

not give rise to a federal cause of action under § 1983.  *See*, Jackson v. Loftis, 189 Fed.Appx. 775, 777 (10th Cir. 2006) ("[A] violation of state law alone does not give rise to a federal cause of action under § 1983.") (quotation marks and citations omitted).  Moreover, the letter does not indicate that an employee or agent of Office of Risk Management denied plaintiff's claim.  Rather, the claim was made against the Oklahoma Attorney General's Office, *see*, doc. no. 1-4, ECF p. 3, and, according to the letter, that office denied the claim, *see*, doc. no. 1-5.  Further, the complaint fails to allege any facts to support § 1983 liability of Oklahoma Office of Risk Management under Monell.  Upon review of the factual allegations and relevant exhibits with respect to defendant Oklahoma Office of Risk Management, the court concludes that the complaint fails to state any plausible claim under § 1983.  The court therefore concludes that plaintiff Brandon Riles' complaint, to the extent it alleges a claim or claims against defendant Oklahoma Office of Risk Management under § 1983, fails to state a claim upon which relief may be granted.[7]

V.

It appears that plaintiff Brandon Riles may seek to assert state claims against defendants.  With the dismissal of all federal claims under § 1983, the court declines to exercise supplemental jurisdiction over any state law claims alleged by plaintiff Brandon Riles.  *See*, Smith v. City of Enid By and Through Enid City Com'n, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining

---

[7] Although the court recognizes that courts in this district have previously found the Oklahoma Office of Risk Management to be an arm of the State of Oklahoma and entitled to Eleventh Amendment immunity, *see*, Louie v. Rios, Case No. CIV-15-893-M, 2016 WL 11719707, at *2 (W.D. Okla. July 21, 2016) (citing Arps v. Eddie Warrior Corr. Ctr., Case No. CIV-05-892-C, 2006 WL 1451245, at *5 (W.D. Okla. 2006)), the court declines to raise the issue *sua sponte* as the Tenth Circuit has not specifically ruled on the issue, and no "judicially noticeable evidence clearly resolves [the] entity's arm-of-state status and entitlement to sovereign immunity." Hennessey, 53 F.4th at 531.

state claims."). Accordingly, any state law claims alleged by plaintiff Brandon Riles against defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

VI.

For the reasons stated, the complaint and action of plaintiff America Roof Scapes Inc. is **DISMISSED WITHOUT PREJUDICE** as the corporate plaintiff is not permitted to proceed without an attorney. The complaint and action of plaintiff Brandon Riles to the extent plaintiff alleges 42 U.S.C. § 1983 claims against defendants, Oklahoma Attorney General's Office, Oklahoma Construction Industries Board, and Oklahoma Office of Risk Management is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or (iii), and the complaint and action of plaintiff Brandon Riles to the extent plaintiff alleges any state law claims against defendants, Oklahoma Attorney General's Office, Oklahoma Construction Industries Board, and Oklahoma Office of Risk Management, is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

DATED this 20th day of August, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0774p001 REV .docx